UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLA A. VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 22 CV 3091 |
| ) | |
| ) | |
| VNA HEALTHCARE, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(AGE DISCRIMINATION IN VIOLATION TO THE ADEA)**

NOW COMES the Plaintiff, **CARLA A. VASQUEZ** ("Plaintiff"), by and through her attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the **VNA HEALTHCARE, INC.,** ("Defendant" or "VNA"), discriminatory treatment based on her Age, Race, National Origin and Retaliation under Title VII and the ADA and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

3. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois.

## PARTIES

4. Plaintiff is an adult person and a resident of Elgin, Illinois.

5. Plaintiff was an employee of VNA, from September 21, 2020, until her wrongful termination on October 2, 2020.

6. VNA is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq*., and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

7. Plaintiff was a patient scheduler-Representative at VNA facility in Aurora, Illinois.

8. At all times relevant, VNA, has been and is now a Domestic corporation organized under the laws of Illinois doing business in the State of Illinois and other surrounding States, and has continuously had and now than five hundred (500+) employees.

9. Plaintiff was born in 1964 and falls within the group protected by the ADEA.

10. At all times material herein and hereinafter mentioned the VNA Corporation has engaged in and employed its employees in commerce and in the production of goods and services for commerce between points in many states. VNA was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

11. VNA Corporation is an employer within the meaning of the ADEA.

12. Plaintiff is an employee of the VNA Corporation for approximately one month.

2

13. In or about her hiring, the plaintiff, while meeting the minimum standards of her employer, VNA willfully discriminated against plaintiff because of her age by younger employees, under 40, to lesser performance standards and income, better training and better hours.

14. As a result of VNA's action, the Plaintiff has been deprived of her wages and employment benefits.

15. VNA's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PROCEDURAL FACTS

17. Plaintiff protested his unlawful treatment and filed two charges of the discrimination herein alleged with the Equal Employment Opportunity Commission in Illinois (EEOC), A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A ") and incorporated herein. Efforts by that agency to obtain voluntary compliance by the VNA with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue March 15, 2022, is attached hereto as Exhibit "B" and incorporated herein.

18. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including: Damages, including loss of pay and benefits;

    1. Reinstatement;

    2. Statutory liquidated damages due to the VNA's willful conduct;

3. Attorneys' fees and costs incurred in this action

4. Such other relief as is just and equitable.

5. The plaintiff requests a jury trial of this action.

## AS AND FOR A SECOND COUNT OF ACTION
## (Title VII-RACE & NATIONAL ORIGIN DISCRIMINATION)

### Nature of the Action

19. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for VNA having subjected Plaintiff to National Origin discrimination by failure to treat her the same as non-Mexican, Hispanic, employees despite Plaintiff's complaints about same.

20. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

21. Plaintiff is Mexican Hispanic emloyee working in a racially diverse office.

### FACTUAL BASIS

43. That Plaintiff was treated differently than non-Mexican, Hispanic employees in the handling of training, work assignments, discipline, and work monitoring,

44. Further, VNA by its action or inactions of its agents based upon Plaintiff's complaints in the work place, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff's performance in her job, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

45. VNA's violation of the Civil Rights Act of 1964 has proximately caused Plaintiff to suffer damages.

46. VNA's violation of Plaintiff's rights was willful.

47. By reason of the National Origin discrimination of VNA, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

### AS AND FOR A THIRD CAUSE OF ACTION
### (TITLE VII-RETALIATION)

29. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. VNA did intentionally retaliate against Plaintiff, based upon her complaining about being treated differently than other employees based on Age and National Origin in violation of under Title VII of the Civil Right Act of 1964 as amended and the Age Discrimination in Employment Act,

31. By reason of the retaliation of VNA, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

32. Further, said action on the part of the VNA was done with malice and reckless disregard for Plaintiff's protected rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by VNA to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff

whole for the losses caused by the violations of VNA, including reinstatement;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of VNA

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

6. For such other and further relief as the court deems proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (ADA-RETALIATION)

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of his disability (handicap) and to make whole **CARLA A. VASQUEZ** ("Plaintiff"), by and through her attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the **VNA HEALTHCARE, INC.,** discriminated against Plaintiff, a qualified individual with a handicap, because of her disability

## JURISDICTION AND VENUE

33. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5(f)(1) and (3). The employment practices hereafter alleged to be unlawful were and are now being committed in The Northern District of Illinois, Eastern Division.

34. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. VNA is an employer within the meaning of the ADA.

**STATEMENT OF CLAIMS**

36. Despite VNA listing itself as an equal employment company and having a policy against discrimination to the disabled, VNA intentionally discriminated against Plaintiff by subjecting VNA to different terms and conditions of employment because of his handicap, (hypoglycemia) Plaintiff was denied an accommodations and terminated after requesting those accommodations on October 2, 2020. This discrimination and denial of an accommodation, because of her handicap or disability, violates her rights under the American Disability Act and created a hostile work environment.

37. Plaintiff has a disability (handicap) as set above, in that she has a record of, or is regarded as having a physical impairment that substantially limits one or more of his major life activities as set forth above but said disability is not related to his ability to perform the essential functions of her assigned duties with VNA.

38. VNA's acts and omissions to act violate applicable provisions of the American Disability Act.

39. The discriminatory action of VNA as set forth above has caused Plaintiff to be harmed in that Plaintiff has suffered in her position; and her work environment had become hostile.

40. As a further proximate result of VNA's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed and suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of

life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

41. Plaintiff has no adequate remedy at law to secure relief, if this court does not enter an order for VNA to reinstate and accommodate, Plaintiff will be irreparably injured.

CARLA A. VASQEZ

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 Martingale Road/Suite 400
Schaumburg, Illinois 60173
(847) 466-1099